Isaac A. Stewart, *Appellant*, v. Daytona and New Smyrna Inlet District et al., *Appellees*.

En Banc.

Opinion Filed November 7, 1927.

Petition for Rehearing Denied December 9, 1927.

*Isaac A. Stewart* and *Stewart* and *Stewart,* Counsel for Appellant;

*Sholtz, Green* and *West,* Counsel for Appellees.

WHITFIELD, J.—In a proceeding brought under the statute to validate $1,500,000.00 of 6% bonds, proposed to be issued by the Daytona and New Smyrna Inlet District the Circuit Judge decreed that "the bonds referred to and described in said petition and answer and the other papers filed herein, are hereby, validated and confirmed," without stating the amount, maturities and other features of the bonds. An intervener appealed as allowed by the statute. Sec. 3298, Revised General Statutes.

Chapter 11,791, Acts of 1925, Extraordinary Session, contains the following:

Section 1. That a Special Taxing District is hereby created to be known as Daytona and New Smyrna Inlet District, to consist of and embrace all that territory in Volusia County, Florida, which is now embraced within the territorial boundaries of County Commissioner's District No. 4, and all that territory in Volusia County, Florida, which is now embraced within the territorial boundaries of County Commissioner's District No. 5.

Section 2. That a governing body of said Daytona and New Smyrna Inlet District is hereby created and shall be

known as and designated as the Board of Commissioners of Daytona and New Smyrna Inlet District and shall be composed of three members, one of whom shall reside within the territorial limits of County Commissioner's District No. 5, and one of which shall reside within the territorial limits of County Commissioner's District No. 4, and one of whom may reside within either of the aforesaid county commissioner's districts, but must reside within the Inlet District hereby created, and such commissioners shall be elected as is provided in this Act. Said governing body shall have all powers of a body corporate, including the power to sue and be sued as a corporation in its name and in any court having jurisdiction; to make contracts, to adopt and use a common seal, and to alter the same if deemed expedient and to buy, sell, own, lease, sell and convey such real estate and personal property as said Board may deem proper to carry out the provisions of this Act; to appoint and employ such engineers and such agents and employees as said Board may require; to borrow money and to issue negotiable promissory notes, bonds or other evidences of indebtedness therefor to enable them to carry out the provisions of this Act.

Section 5. That said Board is hereby authorized and empowered to improve, or construct and thereafter maintain an inlet or waterway connecting the waters of Indian River and Halifax River with the waters of the Atlantic Ocean at or near Mosquito Inlet within said district, and do all acts or things proper, necessary or convenient for that purpose and in that connection. That the opening, cutting, improving, and maintaining said inlet or waterway is hereby found and declared to be necessary for the maintenance of the health of the inhabitants of the territory embraced in said district and for the convenience,

comfort and welfare of said district and the inhabitants thereof.

Section 6.   Said Board is hereby authorized and empowered to clean, cut, straighten, widen, change course of, or deepen any watercourse, or natural stream or body of water in said district that may be deemed necessary by said Board to facilitate the opening and maintenance of a canal, inlet or waterway between said Indian River and Halifax River and said Atlantic Ocean within said district, and to construct and maintain canals, ditches, levees, revetments, jetties, and other works and improvements deemed by said Board to be necessary to construct, preserve and maintain the works in said district; to any bridge or roadway, over levees, embankments, highways, railroads, or over any canal or waterway constructed by said Board under this Act.

Section 7.   That said Board shall have the power and authority to hold, control and acquire by gift or purchase, for the use of the district, any real or personal property, and to condemn any lands, easements, railroad right-of-way in or out of said district for a right-of-way for any canal, inlet, ditch, waterway or work constructed or to be constructed by said Board under this Act, or for the material to be used therein or for the maintenance and preservation of the works and improvements constructed or to be constructed by said Board under this Act.   That said Board is authorized and empowered to exercise the right of eminent doman and may condemn for the use of said district, in the manner prescribed by law, any and all lands, easements, right-of-way, riparian rights and real and personal property of every description required for the purposes and powers of said Board as granted by this Act.

Section 8.   That said Board is hereby authorized and

empowered to levy upon all of the real and personal taxable property in said district a special tax for the year 1926, and for each and every year thereafter, to be used solely for the purpose authorized and prescribed by this Act. Said levy shall be made each year, not later than the first day of June of each such year by resolution of said Board or a majority thereof, duly entered at large upon its minutes. Certified copies of such resolution executed in the name of said Board by its chairman and secretary and under its corporate seal shall be made and delivered to the Board of County Commissioners of Volusia County and to the Comptroller of the State of Florida, not later than the 15th day of June of each and every year thereafter. It shall be the duty of the Commissioners of Volusia County, Florida, to order the assessor of said county to assess and the collector of said county to collect the amount of taxes so assessed by said Board of Commissioners of Daytona and New Smyrna Inlet District upon all of the taxable property, both real and personal, in said district at the rate of taxation adopted by said Board for said year, and included in said resolution and said levy shall be included in the warrant of the tax assessor and attached to the assessment roll of taxes for said county each year. The tax collector shall collect such tax so levied by said Board in the same manner as other taxes are collected, and shall pay the same within the time and in the manner prescribed by law to the treasurer of said Board. It shall be the duty of said Comptroller to assess and levy, on all the railroad lines and railroad property and telegraph lines and telegraph property situated in said district, including as well all telephone lines and telephone property, the amount of each such levy as in case of other State and county taxes, and to collect the said taxes thereon in the same manner as he is required by law to assess

and ·collect taxes for State and county purposes, and to remit the same to the treasurer of said Board. All such taxes shall be held by said treasurer for the credit of said Board and paid out by him as provided herein.

Section 9. That said Board is hereby authorized and empowered in order to provide for the work prescribed by this Act, to borrow money in sum not to exceed $25,000.00 temporarily from time to time for periods · of time not exceeding two years at any one time, and to issue promissory notes therefor upon such terms and at such rates of interest, not exceeding eight per cent per annum, as said Board may deem advisable. Any note so made and issued may be paid out of the proceeds of the bonds authorized to be issued by this Act, or out of any other revenues or funds of said Board, and said notes shall be a charge upon all the revenues and property of said Board.

Section 10. That said Board is authorized and empowered to borrow money on permanent loans and to incur obligations from time to time on such terms and at such rates of interest as they may deem proper, not exceeding six per cent per annum for the purpose of raising funds to construct, continue and prosecute to completion the canals, waterways, inlets and other works authorized by this Act or which said Board may deem advantageous to the territory embraced in said district or within the purposes and scope of this Act, and to pay the expenses incident to all such work or any expenses necessary in carrying out the general purposes of the Act, and, the better to enable said Board to borrow money for the purpose aforesaid, it is hereby authorized to issue in the corporate name of said Board negotiable coupon bonds of said Board of Commissioners of Daytona and New Smyrna Inlet District not exceeding in the aggregate the total amount of One Million Five Hundred Thousand ($1,500,000.00) Dol-

lars to be outstanding at any one time. No such bond shall be issued having a longer maturity than thirty years from date thereof.

Section 11. That before the issue of any of said bonds shall be made and before any money shall be borrowed under the provisions of this Act, the same shall be provided for by resolution of said Board, setting forth the amount and denominations of such bonds or other indebtedness, the rate of interest the same are to bear, and the time, place, and conditions when and upon which the same and interest thereon shall become due and payable; but no such bonds shall be issued, and no money shall be borrowed, unless the question of issuance of such bonds shall be submitted to and approved by the qualified electors of said district who are taxpayers.

Section 16. This Act shall without reference to any other Act of the Legislature of Florida be full authority for the issuance and sale of the bonds in this Act authorized, which bonds shall have all the qualities of negotiable paper under the laws merchant and shall not be invalid for any irregularity or defect in the proceedings for the issue and sale thereof, and shall be incontestable in the hands of *bona fide* purchaser for value. No proceedings in respect to the issuance of any such bonds shall be necessary except such as are required by this Act. The provisions of this Act shall constitute an irrepealable contract between said Board, and the holders of any such bonds and coupons thereof issued pursuant to the provisions thereof. Any holder of said bonds or coupons may, either at law, or in equity, by suit, action or mandamus, enforce and compel the performance of any of the duties required by this Act of any of the officers or persons mentioned herein in relation to said bonds or the collection, enforcement, and application of the taxes for the payment thereof.

Section 22. The provisions of Section 21 of Article 3 of the Constitution of Florida, requiring the publication of notice of intention to apply for this special legislation has been duly given in compliance with that section.

The statute in Section 5 gives broad general discretionary authority to the Board of Commissioners of Daytona and New Smyrna Inlet District "to improve, or construct and thereafter maintain an inlet or waterway connecting the waters of Indian River and Halifax River with the waters of the Atlantic Ocean at or near Mosquito Inlet within said district and do all acts or things proper, necessary or convenient for that purpose and in that connection." The Board is given additional broad powers in Sections 6 and 7; and in other sections authority is given to borrow not exceeding $25,000.00 from time to time and to issue bonds of said district not exceeding $1,500,000.00 to be outstanding at any one time. By Section 8 the Board is "authorized and empowered to levy upon all the real and personal taxable property in said district a special tax for the year 1926, and for each and every year thereafter, to be used solely for the purposes authorized and prescribed by this Act." "Said levy shall be made each year, not later than the first day of June each year by resolution of said Board or a majority thereof, duly entered at large upon its minutes." It is further provided that "the amount of taxes so assessed by said Board of Commissioners of Daytona and New Smyrna Inlet District, at the rate of taxation adopted by said Board for said year, and included in said resolution," shall be assessed and collected.

The statute does not levy the tax or limit the amount of the tax that may be levied. The indebtedness that may be incurred is not limited except by indefinite provisions that not exceeding $1,500,000.00 of bonds shall be outstanding

"at any one time," and not exceeding $25,000.00 may be borrowed "at any one time."

A statutory enactment that violates a controlling provision or principle of organic law, is mere legislation, not a law.

The Constitution provides that no tax shall be levied except in pursuance of law. Sec. 3, Art. IX. Taxation is a legislative power, which cannot be delegated; and it can be exercised only pursuant to a valid statute containing definite limitations. The legislative power to tax may be exercised through subordinate governmental agencies within definite limitations fixed by law. If appropriate limitations do not accompany authority that is given to levy a tax, it may in effect be a delegation of the taxing power not permitted by the Constitution. A legislative enactment purporting to authorize an administrative body to levy a tax without definitely limiting the rate of the levy or the amount to be collected, or the indebtedness that may be incurred to be paid by the tax, is an unconstitutional attempt to delegate the legislative power of taxation; and such an enactment is not a law within the meaning of the organic provision that no tax shall be levied except in pursuance of law. See 1 Cooley Taxation (4th Ed.), Sec. 78, p. 194.

Chapter 11791 does not limit the tax levy, as in Hunter v. Owens, 80 Fla. 812, 86 So. 839; and does not definitely limit the indebtedness that may be incurred by the Board that makes the tax levy. The taxing authority attempted to be conferred upon the Board is not limited by legislative provisions, and the satute exceeds legislative authority.

Reversed.

ELLIS, C. J., AND TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.