L. M. MERRIMAN, *Appellant*, v. JOHN LeROY HUTCHINSON, CHAIRMAN; ALEX MacWILLIAMS AND W. F. COX, AS AND CONSTITUTING THE BOARD OF COMMISSIONERS OF INDIAN RIVER MOSQUITO CONTROL OF THE STATE OF FLORIDA, *Appellees.*

Division B.

Opinion Filed March 28, 1928.

Petition for Rehearing Denied April 6, 1928.

*Chas. A. Mitchell*, for Appellant;

*James T. Vocelle*, for Appellees.

WHITFIELD, P. J.—The bill of complaint brought by a tax payer alleges that a special or local law, Chapter 11128,

Acts of 1925, which forms a taxing district now co-extensive with Indian River County, and purports to authorize a tax to pay for bonds to be issued to raise funds to eradicate mosquitoes in the district, is null and void and unconstitutional because it violates the provision of Section 20, of Article VI, of the State Constitution, which forbids local or special laws "for assessment and collection of taxes for State and county purposes," and because it deprives complainant of property without due process of law in that mosquito control is not a public purpose. The prayer is that the issue of bonds and a tax levy under Chapter 11128, be enjoined.

It cannot be said on this record that the legislative determination "that the control and complete elimination of all species of mosquitoes" in the district, is "found and declared to be for public purposes and to be necessary for the maintenance of the health of the inhabitants of the" district, is an undertaking that has no relation to a proper public purpose under the Constitution of this State.

The statutes do not provide generally for the elimination of mosquitoes as a county matter and as a district matter through different administrative bodies.

In State v. Walton County, 93 Fla. 796, 112 South. Rep. 630, administrative officers improperly acted under statutes that required distinct and different proceedings in issuing bonds for the construction of public roads. Here a special or local law attempts to authorize a tax levy for a district purpose and not for "State and county purposes," so Section 20, of Article III, is not shown by this record to be violated in the particular specified, even though the boundary lines of the district be co-extensive with county lines.

However, Chapter 11128, Acts of 1925, is alleged to be unconstitutional; and if upon considering the Act it ap-

pears to be violative of any applicable provisions of the Constitution so as to be inoperative, the court should enjoin the issue of bonds under the Act.

"A legislative enactment purporting to authorize a statutory administrative body to levy a tax without definitely limiting the rate of the levy or the amount to be collected, or the indebtedness that may be incurred to be paid by the tax, is an unconstitutional attempt to delegate the legislative power of taxation, and such an enactment is not a law, within the meaning of the organic provision that no tax shall be levied except in pursuance of law." See Stewart v. Daytona and New Smyrna Inlet Dist., 94 Fla. 859, 114 South. Rep. 545.

The Act purports to authorize "a special tax, sufficient in amount to pay the interest becoming due and payable annually upon the bonds issued, or money borrowed, by said district, and also to create a sinking fund for the payment of the principal thereof at maturity, and in addition thereto, a special tax not exceeding three mills on the dollar for the year 1925, and for each and every year thereafter, to be used solely in carrying out the purposes of this Act." Bonds may be issued "not exceeding in the aggregate the total amount of $500,000.00 to be outstanding at any one time."

There is no definite limitation as to the amount of the bonds that may be issued or of the tax to pay the bonded debt, that may be levied by a statutory administrative board, which has no constitutional status, consequently the Act is an unlawful attempt to delegate the taxing power of the State, which renders the bonding provisions of the Act inoperative without reference to its other provisions.

Reversed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.