STATE, *ex rel.* M. A. SMITH, Liquidator, Merchants Bank & Trust Co., v. KENNETH B. LOFTUS, WILLIAM RONALD and FRANK R. JORDAN, as and constituting the Board of Supervisors of The Halifax Drainage District, etc., *et al.*

156 So. 341.

Division B.

Opinion Filed July 30, 1934.

24

*Roger H. West,* for Relator;
*Gardiner & Gardiner,* for Respondents;
*Horace D. Riegle,* as *Amicus Curiae.*

BUFORD, J.—This case is before us on demurrer to an alternative writ of mandamus commanding the respondents to make provision for levy of tax for the purpose of paying principal and interest upon time warrants issued by virtue of Chapter 9983, Acts of 1923, Laws of Florida.

The controlling question presented by the demurrer is whether or not Chapter 9983, *supra,* is valid and, therefore, whether or not the Board of Supervisors of Halifax Drainage District are required by law to levy the tax suggested.

The pertinent part of the Act provides as follows:

"That the Board of Supervisors of the Halifax Drainage District, a drainage corporation of Volusia County, Florida, are hereby authorized and empowered to issue from time to time special Drainage Time Warrants for the said Drainage District in such denominations as the said Board of Supervisors may deem proper and bearing interest at a rate not to exceed eight per cent. maturing in such amounts and at such stated time or times and at such stated place or places as the Board of Supervisors may determine, provided that no more than Twenty-five Thousand Dollars ($25,000.00) face value of such warrants shall be issued and outstanding at one time."

Section 4 of the Act provides as follows:

"The Board of Supervisors of the Halifax Drainage District shall levy annually against all lands within the Halifax Drainage District an annual tax which shall be assessed proportionately according to the total tax assessed against each piece or tract of land in said District. Said tax shall be collected for the purpose of using so much thereof as may be necessary for the retirement and paying off of said time warrants, both principal and interest, issued under the provisions of this Act. It is hereby made the duty of the said Board of Supervisors of said District to levy such annual tax at the same time that they levy other annual drainage taxes and to certify the same to the Tax Collector the same as is now provided by law for certifying the permanent tax record and annual tax record to the Clerk and Collector of the said County. The annual tax levy shall cover a period of time equal to the number of years for which the time warrants are issued and shall be assessed in equal annual installments. The said tax levy shall be made against all of the lands in the said Halifax Drainage District, including those annexed by a Special Act of this Legislature and such time warrants when so issued shall be and constitute a lien upon all the said lands."

Chapter 9987, Acts of 1923, added certain lands to the Drainage District and provided for the levy of a tax on such lands for certain purposes.

Section 6 of the Act provides:

"This Act insofar as it applies to the collection of acreage taxes as herein assessed shall become inoperative and null and void when all of the bonds heretofore issued by the said District and any accrued interest thereon, have been paid and satisfied. When the bonds and interest thereon have all been paid as aforesaid, the Drainage District by its duly authorized officers shall certify such fact to the Tax Collector of Volusia County, Florida, that the same have

been paid and such Tax Collector shall not from thence-forth collect any more of the said drainage acreage tax."

Therefore, it will be seen that Chapter 9987, Acts of 1923, does not authorize the levy of a tax to pay the time warrants which were proposed to be issued and which were issued in pursuance of the provisions of Chapter 9983, Acts of 1923, because the latter Act provided that the taxes therein assessed should become inoperative, null and void when all the bonds theretofore issued by the District and the accrued interest thereon had been paid and satisfied. Neither do we find any provision in the general drainage law placing a limitation upon the amount of the indebtedness which might be incurred under the provisions of Chapter 9983, *supra,* nor do we find therein any limit of the amount of tax which may be levied for the purpose of paying such indebtedness. It appears that the answer to the question here presented is controlled by the opinions and judgments in the case of Merriman v. Hutchinson, *et al.,* 95 Fla. 600, 116 Sou. 291, and Stewart v. Daytona and New Smyrna Inlet District, *et al.,* 94 Fla. 859, 114 Sou. 545. In the latter case we said:

"The Board is given additional broad powers in Sections 6 and 7; and in other sections authority is given to borrow not exceeding $25,000.00 from time to time and to issue bonds of said district not exceeding $1,500,000.00 to be outstanding at any one time. By Section 8 the Board is 'authorized and empowered to levy upon all the real and personal taxable property in said district a special tax for the year 1926, and for each and every year thereafter, to be used solely for the purposes authorized and prescribed by this Act.' 'Said levy shall be made each year, not later than the first day of June each year by resolution of said Board or a majority thereof, duly entered at large upon its minutes.' It is further provided that 'the amount of taxes

so assessed by said Board of Commissioners of Daytona and New Smyrna Inlet District, at the rate of taxation adopted by said Board for said year, and included in said resolution,' shall be assessed and collected.

"The statute does not levy the tax or limit the amount of the tax that may be levied. The indebtedness that may be incurred is not limited except by indefinite provisions that not exceeding $1,500,000.00 of bonds shall be outstanding 'at any one time,' and not exceeding $25,000.00 may be borrowed 'at any one time.'"

And we held:

"Chapter 11791 does not limit the tax levy, as in Hunter v. Owens, 80 Fla. 812, 86 So. 839; and does not definitely limit the indebtedness that may be incurred by the Board that makes the tax levy. The taxing authority attempted to be conferred upon the Board is not limited by legislative provisions, and the statutes exceed legislative authority."

In Merriman v. Hutchinson, *supra,* we said:

"The Act purports to authorize 'a special tax sufficient in amount to pay the interest becoming due and payable annually upon the bonds issued, or money borrowed, by said district, and also to create a sinking fund for the payment of the principal thereof at maturity, and in addition thereto, a special tax not exceeding three mills on the dollar for the year 1925, and for each and every year thereafter, to be used solely in carrying out the purposes of this Act.' Bonds may be issued 'not exceeding in the aggregate the total amount of $500,000.00 to be outstanding at any one time.'

"There is no definite limitation as to the amount of the bonds that may be issued or of the tax to pay the bonded debt, that may be levied by a statutory administrative board, which has no constitutional status, consequently, the Act is an unlawful attempt to delegate the taxing power of the

State, which renders the bonding provisions of the Act inoperative without reference to its other provisions."

The Act under consideration limits the amount of the debt that may be outstanding at any one time, but it does not limit the amount of time warrants which may be issued from time to time, nor the amount of the tax which may be levied for the purpose of paying such time warrants. Under the provisions of this Act, if they were valid, the supervisors might issue time warrants for $25,000.00 and as fast as they retired any of such warrants might issue other warrants in lieu thereof and continue to levy taxes to pay such time warrants as long as they could find a market for the same and were able to collect the tax sufficient to retire a part of such outstanding time warrants.

The case falls clearly within the purview of the opinions and judgments in the cases above cited and, therefore, it is not made to appear that it is the clear legal duty of the respondents to levy the tax as prayed in the petition. It, therefore, follows that the demurrer should be sustained and the alternative writ quashed.

This does not mean, however, that the time warrants for the payment of which, the tax involved was sought to be levied are void. We do not here determine the validity or non-validity of such time warrants as binding obligations upon the taxing district. These are questions which may be determined by a court of competent jurisdiction in a suit brought to enforce the payment of the money loaned upon such time warrants. Should a judgment be recovered against the District in a suit either upon the warrants or for the money received by the District to be used for the purposes of the District, then the judgment creditor may be entitled to mandamus to compel the levy of a tax sufficient to pay the judgment, although the Legislature, as we said in the case of Stewart v. Daytona and New Smyrna Inlet

District, *et al., supra,* exceed its authority when it attempted to authorize the levy of a tax to pay time warrants without limiting the amount of the tax which could be levied or the total aggregate indebtedness which might be incurred.

We are dealing in this case with that part of the statute which requires the levying of a tax to pay the debt and not with that part of the statute which authorizes the creation of the debt and the issuance of the evidence of such indebtedness; and we are dealing with this after the indebtedness has been created by the procuring of a loan of money to be used for the purposes for which the District was created.

Demurrer sustained and alternative writ quashed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS and TERRELL, J. J., concur in the opinion and judgment.

DAVIS, C. J., concurs in the result.