DREW, Justice.
The appeal in this case is from a decree of the Circuit Court for Volusia County directly passing upon the validity of Chapter 57-2085, Laws of Florida, Special Acts of 1957, Ex.Sess., which creates the West Volusia Hospital Authority and provides for its operation. The decree is contested only insofar as it sustains Sections 14 and 16 of the cited act against contentions that they violate Section 3 of Article IX,[1] Sections 16 and 17 of Article VIII,[2] and Section 5 of Article IX,[3] Florida Constitution, F.S.A.
*226 One feature of the act in controversy is its provision[4] that taxes levied by the Authority shall be assessed and collected by the Volusia County tax assessor and collector. Prior decisions[5] of this Court establish the propriety of provisions for performance of such duties by county officers under general law and constitutional principles. We are not persuaded by any argument of appellant that the contrary result should be reached in this case because of the constitutional amendments relating specially to Volusia County.[6] The application of the maxim “ex-pressio unius est exclusio alterius” cannot be justified in the' face of the obvious purpose of those amendments to consolidate in the specified officers the tax assessment and collection functions within the county area. In addition, these sections contain the further mandate that the Legislature “shall * * * from time to time * * enact laws specifying the powers, functions, duties and compensation” of these officers, which clearly permits the assignment of new duties by the Legislature under the rule of our cases.
The remaining contention is that the court erred in upholding Section 14[7] of the act insofar as it authorized a tax levy “for the payment of any outstanding indebtedness authorized by Section Seven (7) of this Act.” [8] On this issue the opinion of the court below correctly states the law:
“That portion of Section 14, Chapter 57-2085, Laws of Florida, Special Acts, Extra-ordinary Session 1957, which imposes a duty upon the Board of Commissioners of the West Volusia Hospital Authority to annually levy an ad valorem tax against the taxable property within said special tax district to be used ‘for the payment of any outstanding indebtedness authorized by Section (7) of this Act’ is a valid and constitutional authorization to exercise the power of taxation in that the amount of indebtedness which may be incurred at any one time is definitely limited by Section (7) of this Act. This case is distinguished from the case of State ex rel. Smith v. Loftus, 116 Fla. 23, 156 So. 341 (1934), in *227 that the indebtedness which may be incurred under Section (7) of this Act is limited to ‘periods of time not exceeding one (1) year at any one time/ while the date of maturity of the time warrants authorized in the Loftus case was not limited in any way whatsoever.” [9]
The terms of the act and the facts of this case present no issue as to unauthorized pledge of the taxing power under Section 6, Article 9, Florida Constitution.
Affirmed.
TERRELL, C. J., and THOMAS, HOBSON and THORNAL, JJ., concur.

. “Section 3. Taxes levied pursuant to law. No tax shall be levied except in pursuance of law.”

. Providing for assessment and collection, by the Volusia County Tax Assessor and Collector, of taxes levied by the “State, County, County School Board, School Districts, Special Tax School Districts and Municipalities.”

.Limiting the assessment of taxes by counties and cities to those “for county and municipal purposes.”

. “It shall he the duty of the County Commissioners of Volusia County to order and require the County Tax Assessor of said County to assess, and the County Tax Collector of said County to collect, the amount of taxes so assessed or levied by the Board of Commissioners of said West Volusia Hospital Authority upon the taxable property in said district, * * Section 16, Chapter 57-2085, Laws of Florida. (Emphasis added)

. Lainhart v. Catts, 73 Fla. 735, 75 So. 47; Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449; Vassar v. Arnold, 154 Fla. 757, 18 So.2d 906.

. Note 2, supra.

. “It shall he the duty of the Board of Commissioners to annually assess and levy against the taxable property within said district, a tax to he collected and paid into the district fund and used hy said Board of Commissioners for the operation, maintenance and repair of hospital or hospitals established as authorized by this Act, or for the payment of any outstanding indebtedness authorized by Section Seven (7) of this Aot, or for the payment of other necessary expenses in carrying on and transacting the business of the district.” Section 14, Chapter 57-2085, Laws of Florida. (Emphasis added) The first and last clauses were stricken for conflict with the cited constitutional provision.

.“Section 7. The Board of Commissioners is hereby authorized and empowered, in order to provide for and carrying out the work of this Act, to borrow money from time to time for periods of time not exceeding one (1) year at any one time, and to issue the note or notes of said district therefor upon such terms and upon such rates of interest not exceeding six per cent per annum as Board may deem advisable. Provided, however, that the aggregate amount of principal of moneys so borrowed upon the note or notes of said district, shall not at any one time, exceed the sum of One Hundred Thousand Dollars ($100,000.00).”

. See also Stewart v. Daytona & New Smyrna Inlet District, 94 Fla. 859, 114 So. 545; Merriman v. Hutchinson, 95 Fla. 600, 116 So. 271; Whitney v. Hillsborough County, 99 Fla. 628, 127 So. 486.