PER CURIAM.
We have for review by appeal in these consolidated cases, substantially identical final decrees of a Chancellor which passed directly on the validity of a State Statute.
We quote from each of the final decrees the following pertinent language:
“Chapter 573, Florida Statutes, 1965, authorizes the Commissioner of Agriculture, after certain preliminaries, to issue ‘marketing orders’ which, when approved by a specified percentage in number and volume of producers and handlers of sweet corn in a specified area, become binding upon those engaged in that industry within the area.
“Among the things that may be included in a marketing order are provisions for (1) grading, inspecting, and regulating marketing practices in the industry; (2) ‘establishment of plans and programs for advertising and sales promotion to maintain present markets or to create new or larger markets;’ (3) ‘removal of *155 trade barriers;’ (4) ‘promoting the sale of * * * sweet corn;’ (5) ‘prohibition of unfair trade practices;’ (6) ‘carrying on research studies in the production and distribution of * * * sweet corn and for the expenditure of money for such purposes.’
“Section 573.21 authorizes the Commissioner ‘for the purpose of providing funds to defray the necessary expenses incurred by the Commissioner in the formulation, issuance, administration and enforcement of any marketing order,’ to levy and assess upon ‘every person engaged in the production, distribution or handling of * * * sweet corn within this state, and directly affected by any marketing order issued pursuant to this law, * * * such person’s pro rata share of the necessary expenses incident thereto.’
“The ‘rate of assessment’ is required to be ‘per container or some other equitable basis.’ (Emphasis supplied.)
“The statute places no limit upon the amount of money to be expended by the Commissioner pursuant to a marketing order or the amount which may be assessed against any producer or handler either ‘per container’ or on such ‘other suitable basis’ as might be employed.
“It will be observed that completely unrestricted discretion is vested in the Commissioner and his advisors with regard to the scope and extent of activities to be engaged in by the Commissioner under each of the six subjects enumerated above which may be included in a marketing order.
“For example: An advertising and sales promotion program might vary from a modest budget to purchase posters to be placed in chain stores in metropolitan centers to an elaborate nationwide television extravaganza with sweet com commercials.
“Again: Research studies in the production and distribution of sweet corn could vary from a few simple experiments in the effectiveness of certain insecticides to an extensive plant breeding program designed to produce quicker maturing and more productive strains of sweet corn.
“The cost of administration would depend to a substantial degree upon the extent and particularity of the grading and inspection practices required by the marketing order.
“In the light of these facts, the Court is of the opinion that the statute cannot be sustained as a valid legislative enactment. The case of Stewart vs. Daytona and New Smyrna Inlet District [94 Fla. 859], 114 So. 545, is clearly and directly in point.
“The Court has carefully examined the brief of the defendant which seeks to differentiate the case under consideration from that cited but is unable to find in any later case anything which varies the rule so clearly said in the cited decision.
“The assessments under consideration are clearly taxes. The power to impose taxes is restricted by the Constitution as interpreted in the Stewart case. It makes no difference that the tax is an excise as distinguished from an ad valorem tax. Section 3 of Article IX provides: ‘No tax shall be levied except in pursuance of law.’ It is this provision which is violated when the legislature attempts to delegate to the Commissioner of Agriculture and his unofficial statutory ad-visors none of whom are elected by' the people or appointed by the Governor, the power to determine the amount of money to be raised by a tax, the amount of the tax to be levied and even the basis upon which the tax burden is distributed among those required to pay.”
The Chancellor thereupon adjudicated the invalidity of Fla.Stat. § 573.21, F.S.A. (1965), and the sweet corn marketing order, to the extent that they authorize the *156 appellant Commissioner to levy and collect the questioned assessments.
The final decrees are affirmed on the authority of Stewart v. Daytona and New Smyrna Inlet District, 94 Fla. 859, 114 So. 545 (1927) ; C. V. Floyd Fruit Co. v. Florida Citrus Commission, 128 Fla. 565, 175 So. 248, 112 A.L.R. 562 (1937); and Cassady v. Consolidated Naval Stores Co., 119 So.2d 35 (Fla.1960).
It is so ordered.
CALDWELL, C. J., and THOMAS and THORNAL, JJ., concur.
DREW, J., concurs specially with Opinion.
WHITE, Circuit Judge (Retired), concurs specially and agrees with DREW, J.
ROBERTS, J., dissents.
O’CONNELL, J., heard argument but did not participate in decision.