James G. Yaeger Lee County Attorney
QUESTION: 1. If a county commissioner opt-out of the Florida Retirement System pursuant to s. 121.051, F.S. (1990 Supp.), may the public funds which were allocated to fund the commissioner's retirement plan be used to fund a private retirement plan of the commissioner's choice? 2. If Question One is answered in the affirmative, would early vesting of benefits under a private retirement plan violate ss. 145.011, 145.012, 145.031, 145.16, and145.17, F.S., which prohibit undue compensation.
SUMMARY: 1. In the event that a county commissioner chooses not to participate in the Florida Retirement System, the county funds which were allocated to fund the employer's portion of the commissioner's retirement plan may not be used to fund an alternative retirement plan. 2. In light of my answer to your first question, no answer to this question is necessary.
AS TO QUESTION 1:
Pursuant to s. 121.051(1)(a), F.S. (1990 Supp.), which prescribes compulsory participation in the Florida Retirement System, "[t]he provisions of this law shall be compulsory as to all officers and employees, except elected officers who meet the requirements of s. 121.052(3) . . . ." (e.s.)
Section 121.052(3), F.S. (1990 Supp.), provides that:
 Effective July 1, 1990, participation in the Elected State and County Officers' Class shall be compulsory for elected officers listed in paragraphs (2)(a)-(d) assuming office on or after said date, unless the elected officer elects membership in another class or withdraws from the Florida Retirement System as follows:
* * *
(b)1. Any elected officer may elect to withdraw from participating in the Florida Retirement System in any manner whatsoever. Upon assuming office, the member shall have a period of 6 months to notify the administrator of his decision to withdraw from the Florida Retirement System altogether. Such election shall be made in writing and a copy shall be filed with the employer.
Thus, an elected county officer may elect to withdraw or opt-out of the Florida Retirement System by following the procedure outlined in s. 121.052, F.S. (1990 Supp.).
In AGO 86-102 this office considered a similar question. As presented in that opinion, the Flagler County attorney was deemed to be ineligible to participate in the state retirement system. The primary issue presented for resolution was whether the county had the authority to provide as compensation to its county attorney an amount equal to that which the county would have contributed to the Florida State Retirement System on behalf of this individual. The opinion relied on s. 125.01(1)(b), F.S., which authorized the county commission to "[p]rovide for the prosecution and defense of legal causes in behalf of the county or state and retain counsel and set their compensation." (e.s.) Based on this statute the opinion concluded that the county could pay its attorney an amount equal to the state retirement system as part of the attorney's total compensation.
However, pursuant to s. 5(c), Art. II, State Const., "[t]he . . . compensation . . . of . . . county officers shall be fixed by law," i.e., a law (special or general) enacted by the State Legislature.[1] As this office commented in AGO 81-7, "[s.] 5(c), Art. II, State Const., makes no distinction between `county officers' of charter counties or those of noncharter counties; neither does it distinguish between appointive or elective officers of a county, charter or noncharter." As that opinion notes, "it appears that the Constitution requires that the compensation or salaries of all county officers of all counties, charter or noncharter, `shall be fixed by law.'"[2]
Thus, counties have no independent authority to set the compensation of county officers.
Chapter 145, F.S., represents the Legislature's enabling scheme for the requirement in s. 5(c), Art, II, State Const. This chapter was enacted "to provide for the annual compensation and method of payment for the several county officers named herein."[3]
Section 145.031, F.S., provides the compensation to be paid to members of the board of county commissioners.[4] As with the salaries of other county officials prescribed in this chapter, the salaries for county commissioners are based on the population of the county in which they serve.[5] As discussed above, the moneys which are contributed to the state retirement system by the county on behalf of an officer or employee represent a part of an official's total compensation.
Thus, in the absence of specific statutory authority for a county's contribution to a private retirement fund on behalf of a county commissioner, such a contribution would appear to be additional, unauthorized compensation.[6] Because the compensation of a member of a board of county commissioners must be fixed by general law and the range of such salary is prescribed by s. 145.031(1), F.S., the payment of county funds into a private retirement fund not authorized by general law is prohibited.[7]
AS TO QUESTION 2:
In light of my answer to your first question no response to Question Two is necessary.
[1] See, e.g., Advisory Opinion to the Governor,22 So.2d 398, 400 (Fla. 1945); and cf., Merriman v. Hutchinson, 116 So. 271, (Fla. 1928).
[2] The issue in AGO 81-7 was whether a county charter could validly require that the salaries of county officers be provided by ordinance as mandated by s. 125.83(4), F.S. While this office was required to presume the validity of s. 125.83(4) F.S., the opinion concluded that it was doubtful that a county home rule charter could provide that the salaries of all county officers be provided by ordinance, or constitutionally delegate to the governing body of a home rule charter county the power to fix by ordinance the compensation or salaries of all county officers.
[3] Section 145.011(1), F.S.
[4] Section 145.031(1), F.S., establishes county population groups based on county population range and, then, establishes a base salary for each group. Additional compensation is made for population increments over the minimum for each group.
[5] Id. And see, 145.011(4), F.S.
[6] Cf., s. 145.131(3), F.S., which states that:
All or any portion of the payment of the costs of life, health, accident, hospitalization, or annuity insurance, as authorized in s. 112.08, for county officials and employees shall not be deemed to be compensation within the purview of this chapter; and all payments previously made from county funds for such purposes are hereby validated.
Section 112.08, F.S. (1990 Supp.), authorizes counties to provide group insurance for its officers and employees. Your question does not relate to county group insurance provided pursuant to this statute.
[7] It is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of another. Thus, when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned. See, Thayer v. State, 335 So.2d 815, 817
(Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944.)