**FRED W. BALL, individually and as Chairman of the Board of County Commissioners of Hillsborough County, Florida, et al., v. GARLAND M. BRANCH.**

16 So. (2nd) 524                                     January Term, 1944
February 4, 1944                                               En Banc

*John M. Allison* and *Fred T. Saussy,* for appellants.

*Jas. D. Bruton,* for appellee.

TERRELL, J.:

Pursuant to Chapter 21820, Acts of 1943, appellee as complainant filed his bill of complaint herein seeking a declaratory decree adjudicating the constitutional validity of Chapter 22323, Acts of 1943. It is contended that the latter act should be decreed to be unconstitutional and void for various reasons, the primary one being that it provides for an advisory board to assist in its administration which is not required to be elected by the people or appointed by the governor as required by Section 27, Article III of the Constitution.

The design of Chapter 22323, Acts of 1943, was to combine and coordinate the public health services of Hillsborough County and the City of Tampa under the name of the Hillsborough County Health Unit, to authorize the City of Tampa to transfer all its equipment to the County Health Unit and to provide for the appointment of an advisory board to assist the county health unit in the administration of its duties.

The advisory board to assist the consolidated county health unit in the administration of its duties is composed of the Mayor of Tampa, the Chairman of the Board of County Commissioners and one member each selected by the Hillsborough County Medical Association, the Hillsborough County Dental Society, the County Board of Public Instruction, the County Council of the Hillsborough County Parent Teacher Association, and one member to be appointed by the civic organizations known as "The Round Table" in the City of Tampa. The members of the advisory board serve without compensation for designated terms which are renewable by the organizations designating them or by virtue of the law designating them.

The primary contention is that the authorization of the Board of County Commissioners of Hillsborough County to appoint a county health officer on recommendation of the advisory board and that the advisory board shall advise and assist in the preparation of a budget for the health unit clothes it (advisory board) with governmental powers which require that it be elected by the people or appointed by the

Governor as required by Section 27, Article III of the Constitution.

This Court is committed to the doctrine that one who challenges the constitutional validity of a legislative act must overcome, (1) the presumption that it is valid, (2) that all doubts must be resolved in favor of its validity, (3) that if there is any reasonable theory upon which its validity can be upheld it is the duty of the courts to resolve that theory in favor of its validity, and (4) if confronted by two theories of interpretation one of which results in striking it down while the other results in upholding it, it is the duty of the court to adopt the latter interpretation if consistent with reason. Courts are never permitted to strike down an act of the Legislature because it fails to square with their individual social or economic theories or what they deem to be sound public policy.

If as judges we were permitted to strike down acts of the Legislature because of these grounds, then constitutional validity may be made to turn on the state of my liver or digestion when confronted with the statute, or since there are various processes of reasoning among us constitutional validity may, as said by Sir John Selden as to equity, depend on the length of the Lord Chancellor's foot. We are not permitted to speculate on whether an act is wise or rational. As the present Chief Justice of the United States is reported to have said in speaking of a certain piece of New Deal legislation, the constitutional validity of which was challenged before him, "It's perfectly constitutional and it's perfectly foolish." So constitutional validity must turn on the application of well settled rules of interpretation and not on the philosophy or predilection of judges as to what the law ought to be. Such is our theory of constitutional government. It frequently blunders through and may not bring about superlative justice but it is the safest refuge yet found to save the individual from the arbitrary caprice of kings and dictators.

The act assaulted deals with a question of public policy that was unknown to the makers of the Constitution. Sanitary engineering, the eradication of preventable diseases, the prevention of communicable diseases, and prophylactic treat-

ment have all made their appearance in the public health picture since the adoption of the Constitution and the Legislature should be accorded a free hand in dealing with them. Since nothing is more important to the community than the health of the citizenry, constitutional provisions should be liberally construed to uphold acts designed to protect it.

The question here turns on the proposition of whether the recommendations, advice, and assistance that the advisory board is required to render the Board of County Commissioners under Chapter 22323 are mandatory and amount to governmental powers that must be followed or may they be construed as merely directory that the County Commissioners may reject or be guided by completely or to such degree as they deem proper.

There is no constitutional inhibition whatever violated in the Legislature providing for the advisory board to advise and assist the County Commissioners and the Hillsborough County Health Unit in the administration of their duties. The members of the advisory board in this case are selected from sources that peculiarly fit them to do this. Fostering the public health is a matter only recently undertaken by the government in this country though it was a matter of first concern under the Hebrew Code. It is a field that requires a special type of training and is more in the nature of a social service undertaken for the general welfare.

A reading of Chapter 22323 in its entirety convinces us that the primary responsibility of the advisory board is as its name implies, purely an advisory body. Unquestionably its advice and recommendations should be followed unless shown to transcend or invade some principle of fundamental law or public policy. The very purpose of the advisory board is to bring to the knowledge of the Hillsborough County Health Unit information that will enable it to administer the act in a way to effectuate its purpose. In doing this, it is required to articulate with the State Board of Health and is limited by rules prescribed by the latter.

Section Four of Chapter 22323 provides in terms that the duties of the advisory board shall be advisory, limited to those things pertaining to the work of the county health unit

and the selection of personnel in accordance with the merit system as provided by the State Board of Health. The county health officer as designated by the Board of County Commissioners directs the work of the Hillsborough County Health Unit. The act speaks of him as an employee and certainly there can be no objection to requiring that he show special qualification for the work he is required to do.

Chapter 22323 cannot be adequately interpreted except it be read in connection with Chapter 14906, Acts of 1931, Sections 154.01 to 154.05, inclusive, Florida Statutes 1941. Under the latter act, the personnel of a minimum full time county health unit shall be a director who shall be a doctor of medicine, a public health nurse, a sanitary officer, and a clerk. The County Health Unit under its director, the County Health officer, administers all health regulations for the control and eradication of preventable diseases and to inculcate modern scientific methods of hygiene, sanitation, and the prevention of communicable diseases.

The duties of the County Health Unit are primarily instructional and educational and savor very little of anything that is in its nature governmental. The County Commissioners are in no way responsible for this. They designate the County Health Officer and impose the tax recommended by the Budget Commission for the support of the County Health Unit but the tax is limited by the Legislature; it is spent under the direction of the State Board of Health and in fact the whole county health scheme as contemplated by Chapter 22323 and Chapter 14906, Acts of 1931, is under regulations prescribed by the State Board of Health.

The sufficiency of the title and other challenges have been leveled at the act but we find nothing in any of these that would warrant us in striking it down. Combining the City and County health units will certainly reduce duplication and make for a more thorough and efficient health service. Powers vested in the Hillsborough County Health Unit are not challenged.

It follows that the judgment appealed from must be and is hereby reversed.

Reversed.

BUFORD, C. J., CHAPMAN, THOMAS, ADAMS, and SEBRING, JJ., concur.

BROWN, J., dissents.