Proceeding between L.C. Hodges and H.R. Ray and Fernandina Port Authority in Nassau County, Florida, and others to validate an issue of revenue bonds. From final decree validating the bonds, L.C. Hodges and H.R. Ray appeal.
Affirmed.
The Fernandina Port Authority hereafter called the Port Authority was created and its powers defined by Chapter 21418, Special Acts of 1941, as amended by Chapter 24733, Special Acts of 1947. In the latter year it issued $4,000,000 Toll Revenue Bonds which were validated by decree of this Court, State et al. v. Fernandina Port Authority in Nassau County, Fla., 32 So.2d 328. These bonds were canceled by resolution of the Port Authority before any of them were marketed.
In October 1948, the Port Authority authorized the issuance of $4,600,000 of Toll Road Revenue Bonds (hereinafter called Revenue Bonds) for the purpose of constructing a Toll Road located in Nassau and Duval Counties. The resolution authorizing their issue provided that they be serviced solely from revenues derived from the operation of the toll road and that no ad valorem taxes should be levied for the payment of principal or interest thereon.
Coeval with the issuance of the revenue bonds the Port Authority entered into lease purchase contract with the State Road Department to pay from the 80 per cent surplus gas tax funds accruing in Nassau and Duval Counties, any deficit in the debt service existing for servicing the revenue bonds after application of net receipts from tolls to that purpose. Nassau and Duval Counties were requested to and did approve this agreement authorizing the State Road Department to pledge not exceeding $40,000 annually for a period of 30 years from the 80 per cent surplus gasoline tax funds accruing to the credit of said counties. Twenty days later Nassau County adopted a resolution withdrawing its consent to this agreement but it is alleged that in the meantime the Port Authority had instructed its engineers, contractors, attorneys and bond syndicate to proceed with plans for construction of the toll road. *Page 688 
Petition to validate the revenue bonds was duly filed, the required notice to taxpayers was given, answer of the State was proffered and at the hearing appellants were permitted to file their answer. The Board of County Commissioners of Nassau County was also permitted to intervene. Testimony was taken and a final decree validating the bonds was entered. This appeal was prosecuted from the final decree.
It is first contended that the 80 per cent surplus gas tax funds accruing to Duval and Nassau Counties cannot be pledged to service the revenue bonds of the Port Authority absent an affirmative showing that the best interest of the people of Nassau County will be served thereby.
Appellants admit that ordinarily the State Road Department may ad libitum use for state road purposes the 80 per cent surplus gas tax funds allocated to the various counties of the state but they say that in this case it cannot be done because the pledge was made on condition of its approval by Nassau and Duval Counties and that while this was done as requested, in due course Nassau County withdrew its consent to the pledge of said funds before the validation of the revenue bonds.
We do not think there is any merit to this contention. Section 16 of Article IX of the Constitution, F.S.A., provides that the 80 per cent gas tax funds allocated to the counties be used by the "State Road Department for the construction or reconstruction of State Roads and bridges within the county, or for the lease or purchase of bridges connecting State highways within the County." In other words, the State Road Department is limited to state roads within the County in the application of these funds and it is the sole judge as to how and where it shall be applied on these roads. State v. State Board of Administration, 157 Fla. 360, 25 So.2d 880.
Even if the question presented was one to be determined by evidence it is not properly raised here and the chancellor appears to have considered it a question of law. Neither is the question of estoppel properly presented on the appeal, though we do not consider these points material because good faith in the use of these funds was one for the State Road Department to exercise and there is no showing of abuse. It is contended that this point turns on the fact that only six miles of the proposed road is in Nassau County and that to use such a large portion of Nassau's portion of the 80 per cent tax funds on such a small mileage when there are so many miles of State Roads in the County that need attention is not for the best interest of the County.
The State Road Department considers such questions from the standpoint of the State road system, and from the showing made by the record in this case no error is shown. The chancellor found that the action of Nassau County withdrawing its consent to the pledge was of no effect, that the Port Authority was fully authorized to issue the revenue bonds, that they were payable from net revenues from the toll road and from the 80 per cent surplus gas tax funds accruing to the State Road Department for the use of Duval and Nassau Counties, not to exceed the amount of $40,000 to each county in any one year, and that the revenue bonds shall not constitute an indebtedness of nor shall the taxing power of the county or any municipality therein be called in question to pay them.
We find the validating decree to be free from error. It is therefore affirmed.
Affirmed.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.