ROBERTS, Justice.
This is a direct appeal from a decree validating $375,000 of Taylor County Fuel' Tax Anticipation Certificates proposed to he issued by the State Road Department, appellee here and petitioner below, under The authority of Chapter 63-530, Acts of 1963, and upholding the validity of the ■said Act.
No question is raised as to the regularity ■of the administrative and the judicial proceedings by which the proposed issue of tax •anticipation certificates was approved, validated and confirmed. Our sole concern here is the constitutionality vel non of ■Chapter 63-530, supra, as against the attacks made upon it in the court below and -reiterated here.
Chapter 63-530 provides for the investment of the so-called Highway Secondary 'Trust Fund — said to consist of the accumulated 80 per cent surplus gas tax moneys .apportioned by law among the several counties for the construction of state road projects therein, although this appears only by implication and not by express definition in the Act — in Fuel Tax Anticipation Certificates to be issued by the State Road Department for the purpose of financing a state road project in a single county. 'This, contend the appellants, is contrary to Section 16 of Article IX, Florida Con-stitution, F.S.A., and the decisions of this ■court thereunder holding that the 80 per cent surplus gas tax funds belong to the •counties, respectively, in which they accrue •and cannot be used to pay for or contribute to the debts of another county. We do not .agree.
The Act does not divert from any one county the portion of the surplus gas tax fund to which it is entitled; it merely authorizes the interim use for a limited period of such accumulated surplus gas tax funds, pending the ultimate use in each county of the portion of such funds allocable to such county. It specifically provides for the payment of the tax anticipation certificates from the portion of the 80 per cent surplus gas tax allocable to the county in which the state road project being financed by the Fuel Tax Anticipation Certificates is located. It contains ample safeguards to make sure that each county will receive its share of the surplus gas tax fund when it is ready to use it. It is in line with, and not contrary to, the established policy of investing accumulated tax moneys in accord with sound fiscal principles. As to these particular tax funds, see Section 339.02, Fla.Stat., F.S.A., and Section 339.03, Fla.Stat., F.S.A.
We hold, therefore, that Chapter 63-530, supra, does not violate the requirement of Section 16 of Article IX, Florida Constitution, respecting the use in each county of the 80 per cent surplus gas tax allocable to it. Cf. City of Miami v. Florida Development Commission, Fla.1964, 165 So.2d 170; State v. Escambia County, 153 Fla. 282, 14 So.2d 576; and Hodges v. Fernandina Port Authority, Fla.1949, 38 So.2d 687.
It is next contended that the Act must fall because the members of the Board of Highway Secondary Funds Trustees, created by the Act, are state officers who must be elected by the people or appointed by the Governor under the requirements of Section 27, Article III, Florida Constitution. The basis of this contention is that the Act provides that such Board shall consist of three members of the State Association of County Commissioners elected annually, the Chairman of the State Road Department, or his designee, and the State Treasurer, or his designee; that the county commissioners are not elected from the *696 state at large and the designees of the two state officials might not be persons who have been appointed by the Governor or elected by the people.
We think this contention must fail, when tested by our decision in Ball v. Branch, 154 Fla. 57, 16 So.2d 524. In that case the validity of an Act providing for an advisory board to assist the Hillsborough County Health Unit in the administration of its various duties was questioned. We held that the function of the advisory board in assisting and making recommendations to the Board of County Commissioners did not amount to the exercise of governmental powers; that its recommendations were directory only, and not mandatory; and that, in these circumstances, the members of such board were not required to be elected by the people or appointed by the Governor.
 A similar situation is present here. A proposal for the financing of a state road project under Chapter 63-530 must be initiated by the county, through its board of county commissioners, as has always been the legislative policy with respect to the 80 per cent surplus gas tax funds. See Section 339.08(3) and (4), Fla.Stat., F.S.A.; Section 208.44(3), Fla.Stat., F.S.A. The Board of Highway Secondary Fund Trustees then reviews the application as to its feasibility and the desirability or necessity of its construction and, if approved, recommends its construction; whereupon, the State Road Department may, in its discretion, issue the fuel tax anticipation certificates required to finance the project. Here, paraphrasing Ball v. Branch, supra, 16 So.2d 524, the board in question is purely an advisory body “to bring to the knowledge of the [State Road Department] information that will enable it to administer the act in a way to effectuate its purpose.” This being so, its members are not “state officers” within the intendment of Section 27 of Article III.
 See also Advisory Opinion to the Governor, 171 So.2d 539, opinion filed February 3, 1965, in which we pointed out that the term “office” implies a delegation of a portion of the sovereign power to, and possession of it by, the person filling the office — a “public office” being an agency of the state and the person whose duty it is to perform the duties of such office being a “public officer.”
Since we hold that the members of the Board are not state officers within the meaning and intendment of Section 27 of Article III, it is not necessary to decide whether the county commissioners would qualify as elected officials to perform the duties specified by the Act, and whether the Act could then be upheld by deleting the provisions for the designees of the State Treasurer and Chairman of the State Road Department.
Finally, it is urged that the Act provides for an unlawful delegation of legislative power from the State Road Department to the Board of Highway Secondary Trust Fund Trustees. What we said above with respect to the advisory capacity of the Board of Trustees is a complete answer to this contention.
Finding no merit to the attacks here made on Chapter 63-530, Acts of 1963, the decree here reviewed should be and it is hereby
Affirmed.
DREW, C. J., and THOMAS, THOR-NAL, O’CONNELL, CALDWELL and ERVIN, JJ., concur.