## GRIFFIN v. FLORIDA CITRUS COMMISSION.
### No. 3662.
Circuit Court, Lake County.

June 27, 1969.

140

Charles E. Davis and Wilson C. McGee, both of Orlando, and Fuller Warren, Miami, for plaintiffs.

Monterey Campbell, Bartow, for defendant.

**W. TROY HALL, Jr., Circuit Judge.**

*Summary final judgment for plaintiffs:* This cause, having come on for hearing upon motions by the plaintiffs and the defendant for summary judgment, and the court having considered plaintiff's amended complaint, defendant's answer and defenses, briefs filed by the parties, and having heard arguments of exceptionally able attorneys for both plaintiffs and defendant, finds as follows —

The protection and promotion of the citrus industry of the state of Florida has long been held to be a matter within the police power of this state, so that the legislature may properly determine within reasonable bounds, what is necessary for the protection and expedient for the promotion of that industry. Johnson v. State, ex rel. Maxcy, 99 Fla. 1311, 128 So. 853; Maxcy, Inc., v. Mayo, 103 Fla. 552, 139 So. 121; Sligh v. Kirkwood, 237 U.S. 52, 35 S.Ct. 501, 59 L.Ed 835; C. V. Floyd Fruit Co. v. Florida Citrus Commission, 175 So. 248. Notwithstanding this legislative power, we find here a taxpayer's action seeking judicial determination of the validity of §601.154, Florida Statutes, and marketing order number 105-3.01, adopted by the Florida Citrus Commission implementing the said Act. The plaintiffs are taxpayers who will, if the order is valid, be subjected to the payment of tax at the rate of five cents per box as provided in the order. The plaintiffs are members of a class composed of taxpayers too numerous to make it practical to bring all members thereof before the court. The plaintiffs are fairly representative of said class and the questions involved herein are common questions of general interest to all of those persons and corporations constituting the class of which the plaintiffs are representative.

This action is a taxpayer's action seeking declaratory judgment and injunctive relief of which this court has jurisdiction to grant full relief in the premises.

A fundamental question to be determined in this proceeding is whether the grant of powers contained in the said statute constitutes

the enactment of a law complete in itself, containing sufficient definite and valid limitations and certainty to avoid the constitutional prohibition against unlawful delegation of legislative authority to an appointed administrative body. In the light of the decisions in this state, including Conner v. Hatton, 216 So.2d 209, Mahon v. County of Sarasota, 177 So.2d 665, and the numerous other decisions prescribing the general rules pertaining to this point, it is the opinion of this court that the powers attempted to be delegated to the commission in §601.154(5) sub-sections (f), (g), and (h), cannot be delegated without more definite and valid guidelines, limitations and restrictions, because the same leave for determination of the commission the decision as to what the law shall be in the attempted delegation contained therein.

The order which is the subject of this proceeding in the section entitled C. "Powers and Duties" undertakes to set out a program of underwriting and subsidizing the development or expansion of packaging, dispensing, distributing, marketing techniques, materials and the sale of and purchase of processed Florida orange products. Such powers can neither be assumed by the administrative agency, the Florida Citrus Commission, nor delegated by the legislature in the vague and undefined terms contained in the statute and the order. Such would leave to the unbridled discretion of the commission the power to make determinations which are exclusively vested in the legislature by the constitution of the state of Florida.

Historically, since the creation of the Citrus Commission in Florida, the members appointed to this extremely important body have been outstanding citizens who merited the confidence of the government and the industry, and certainly the present members of the commission compare favorably with their predecessors. Notwithstanding recognition of the foregoing, the issues presented to this court include the problem of whether the common law prohibition against a public official sitting in judgment upon matters affecting his own financial interests, which has been codified in chapter 112, Florida Statutes, is or can be qualified by the provisions of §601.04(1) wherein the qualifications for membership on the Florida Citrus Commission are prescribed. The parties seem to be in agreement that the members of the commission do have direct financial interests of a personal nature in the consequences of determinations made by the commission in the adoption and administration of the order. The law seems to be clear that in purely administrative matters the interests of the members of the commission in the regulated business do not conflict with the principles of law involved. However, in the case at Bar, it is contended that there is a distinction in that substantial matters of purpose

and policy are attempted to be delegated to the commission without definite limitations or restrictions. The policy of the law expressed in chapter 112 requires that a clear legislative enactment should be required to enable the commission to exercise the powers which the commission attempts in the order in sub-section C. *"Powers and Duties"*, to adopt unto itself.

This is an equitable proceeding and it appears to the court that resolution of the question of conflict of interest should not be made without further inquiry into the extent of the financial interests of the commissioners and the consequences upon such matters sought to be undertaken under the order, that resolution of such matters is not essential at this time and that final judgment upon this matter should await review by the court of evidence upon these factors.

One of the issues presented for determination herein is whether the delegation to the commission of the power to make assessments, limited to a maximum of ten cents per standard packed box of oranges, is contrary to the prohibition, generally recognized in the law, against delegation of the taxing power. The authorities reviewed by this court do not seem to be in agreement, and it does not appear that a situation involving all of the factors before this court has been judicially considered and reported. It appears that the power to tax is a legislative function which can be lawfully delegated only with valid and definite restrictions and limitations. The courts have countenanced a greater degree of such delegation to elective officials and boards than to appointive administrative bodies. The decisions which have been brought to the attention of this court in support of the delegation sought to be upheld herein, involve either elective officials or situations in which there is a limitation upon the maximum expenditure or obligation which may be undertaken by the administrative body. In this case we are concerned with neither an elective body nor are there contained in the Act or the order any restrictions upon the maximum expenditures or obligations which the commission may undertake in administration of the order. It therefore appears to this court that in the absence of any such factor, the power to tax in the terms contained in the statute, in the light of all of the circumstances of this case, are too broad to avoid the general prohibition recognized in the law against unrestricted delegation of taxing powers, and that the power to tax contained in the Act, §601.154(12), is therefore void.

The plaintiffs urge herein that the commission, in adopting the powers and duties referred to in section C of the order exceed the permissible powers set out in sub-section (5) of the statute. The defendant takes the position that the powers contained in sub-

section (5) (f), (h), and (i), grant to the commission the powers which it adopts in sub-section C of the order, and that the commission has the authority thereunder to buy, store and sell processed orange products. An examination of said statute sections together with the other provisions of sub-section (5) lead the court to the conclusion that the legislature granted therein to the commission only limited powers to buy and sell and that the incidental or inherent powers contained therein are not sufficiently broad to contemplate the action adopted by the commission in the "Powers and Duties", section C. For example, section (5) (b) authorizes the purchase of oranges for abandonment. Section (d), providing for a reserve pool of concentrated orange juice, contemplates the sale of such products only in the event of the catastrophies defined therein. There are no other powers which can be construed to generally authorize the commission to go into the business of buying and selling the product without restrictions. It therefore appears to the court that the powers and duties contained in section C of the order exceed the authorization contained in section (5) of the statute insofar as they relate to the contemplated purchase and sale of such product.

The Act contains no authority for the extension of credit and the defendant states the position in its briefs that such is not contemplated under the order. Section C(2)(a), of the order contains, however, a provision —

> ". . . and resell either for cash or on long or short term contracts . . ."

which seems to contemplate the extension of credit. It appears, therefore, that the aforesaid provision in the order exceeds the authority contained in the Act and is at variance with the stated position of the defendants, and is therefore void.

The plaintiffs herein raise other matters bearing upon the validity of said statute and order, including the adequacy of notice of the proceedings in promulgation of the order, the reasonableness of classification of the parties required to keep records, perform services and pay the taxes contemplated by the order, the representation of the grower segment of the industry on the Citrus Commission, whether the order bears a reasonable relationship to the public peace, health, morals, and general welfare upon which to base the powers contained in the Act and the order under the police power clause of the constitution, the reasonableness of the sub-delegation of functions by the commission to the administrative committee, whether the order is in conformity with and qualifies under the Administrative Procedures Act, chapter 120, whether

the referendum procedures and requirements set out in the statute and carried out in the adoption of this order are inadequate to conform to the legislative intent, whether the use of funds contemplated in the order constitutes a prohibited use of public funds for private purposes. The above enumerated questions, being generally matters which cannot be determined as a matter of law but are dependent upon evidence of the facts and circumstances and the application of equitable judicial discretion, should not be the subject of summary determination by this court, but in the light of the foregoing determinations by this court are not essential to the disposition of this case and the court therefore makes no determination of them.

In consideration of all of the matters discussed in the foregoing judgment, and after having reviewed the record and the excellent briefs filed by counsel for both parties, it is the considered judgment of this court that the order of the Citrus Commission no. 105-3.01 be and the same is declared to be void and of no force and effect in the respects set out herein, and the defendant is hereby permanently enjoined from the administration and enforcement of the said order and that it shall refund to the taxpayers from whom the assessments have been collected thereunder, the sums collected from them pursuant to said order. The court retains jurisdiction of this cause and of the parties for the entry of judgment for such taxes if necessary and for such further proceedings as shall be necessary for or supplemental to the enforcement of this order.