CARLTON, Justice.
We have for review by direct appeal a final judgment of the Circuit Court of Palm Beach County upholding the constitutionality of “The Florida Sweet Corn Marketing Order,” (As revised, January 18, 1963; Ch. 7 1-4, Fla.Admin.Code), and approving the manner in which it is currently applied. Jurisdiction attaches under Article V, Section 4(2), Florida Constitution, F.S.A. We affirm this decision.
This case is a continuation of Conner v. Joe Hatton, Inc., 216 So.2d 209 (Fla.1968). Appellant is a handler of sweet corn in southern Florida and as such is subject to the Marketing Order now under review. Appellee, as Commissioner of Agriculture, is charged with the administration of the Marketing Laws and Orders under Chapter 573, Florida Statutes, F.S.A. In Joe Hatton, Inc., supra, we ruled upon the constitutionality vel non of statutory provisions outlining the permissible subject matter of sweet corn marketing orders under Section 573.17(3) of that Chapter, but we withheld judgment upon the constitutionality of “The Florida celery and sweet corn marketing law,” Chapter 573, Florida Statutes, F.S.A., as applied to appellant. We also withheld judgment on the constitutionality of the Marketing Order under review. The case was remanded for consideration of these issues by the Circuit Court; now these issues have been decided and the final judgment appealed from is the result.
Recently, when this case came on for oral argument, appellant requested that this case be heard in tandem with the arguments presented in State of Florida, Department of Citrus v. Griffin et al., Fla., 239 So.2d 577. The request was granted but upon reflection we find little that connects that cause with this one. Most of the issues raised in the Griffin case in regard to the Orange Stabilization Act, Fla.Stat. § 601.-154, F.S.A., and a marketing order promulgated thereunder, were already determined in regard to the Celery and Sweet Corn Marketing Law by our decision in Joe Hatton, Inc., supra.
The issues that developed below upon remand differ significantly from those treated in Conner v. Joe Hatton, Inc., supra. First, of course, appellant questioned the constitutional validity of the Marketing Order as it was actually applied. Attention was called to the fact that the Order did not apply uniformly throughout the State, but instead applied only to those producers and handlers that operated in the southern sixteen counties constituting the lower portion of the Florida peninsula. The Order does not embrace the Zellwood area near Orlando which accounts for approximately one-fourth of the State’s annual total sweet corn crop.
Appellant took the position below that the Zellwood producers and handlers, with whom he was in competition, profited from the effects of the Marketing Order without having to submit to its regulations or pay its assessments. For example, widespread promotional advertising undertaken in behalf of sweet corn under the Order benefited the Zellwood interests, especially since the advertising did not specify the geographic location where the corn was grown. Appellant contended that there was no reasonable distinction between the sweet corn producing areas of the State, and that the absence of regulation over Zellwood served to deny appellant due process of law and equal protection of the laws as well since it required appellant to subsidize, in effect, its Zellwood competition. Liquor Store v. Continental Distilling Corp., 40 So.2d 371 (Fla.1949), and Caldwell v. Mann, 157 Fla. 633, 26 So.2d 788 (1946) were cited by appellant as authority for these contentions.
We agree with the Circuit Court that there is no merit to these contentions. Evidence adduced below amply demon *147 strates that a clear distinction exists between the Zellwood area and the southern part of the State embraced by the Marketing Order. The crops in the southern region mature and are marketed much earlier than the Zellwood crops, which do not come to harvest until the sweet corn season is over in south Florida. The four producing areas found in the southern region are closely related geographically and similar conditions obtained in these areas. This cohesion and similarity allows for the treatment of the region as a single unit for all purposes. These factors are not shared in common with the Zellwood area which has its own conditions and growing seasons. We find these distinctions to be reasonable and in keeping with Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla.1964), as well as with the decisions cited by appellant. It is true that certain projects undertaken under the Marketing Order, such as advertising, may “spillover” and benefit the Zellwood producers and handlers. But these benefits are merely incidental in nature. See Hunter v. Owens, 80 Fla. 812, 86 So. 839 (1920).
Appellant also contends that the Marketing Order imposes an unreasonable burden upon interstate commerce contrary to the Commerce Clause of the United States Constitution, but we find no unreasonable burden here. See Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1941) wherein the Supreme Court of the United States disposed of similar objections lodged against a marketing program promulgated under the California Agricultural Prorate Act.
The remainder of appellant’s arguments are directed at provisions of the Celery and Sweet Corn Marketing Law which we did not rule upon in our previous decision. These arguments warrant little discussion. It is contended that since assessments under the Marketing Order are considered to be taxes under our decision in Conner v. Joe Hatton, Inc., 203 So.2d 154 (Fla.1967), the Legislature has unconstitutionally delegated its power to tax to the Commissioner of Agriculture. We disagree. The legislative power to tax may be exercised through subordinate governmental agencies within definite limitations fixed by law. Stewart v. Daytona & New Smyrna Inlet Dist., 94 Fla. 859, 114 So. 545 (1927). The Commissioner of Agriculture may be considered as the subordinate agency here. Limitation upon the assessments under the marketing orders promulgated pursuant to the Celery and Sweet Corn Marketing Law is provided by Chapter 67-56, Laws of Florida 1967, which limits maximum assessments to five cents (5¢) per box per order. The Circuit Court correctly decided that there has been no unconstitutional delegation here. The Circuit Court also correctly decided that there was no merit to appellant’s contention that the Legislature unconstitutionally delegated power and control over the Marketing Order to advisory committees under Fla.Stat. § 573.14, F.S.A. The duties and responsibilities of such committees under Chapter 573, and under the Marketing Order in question, may be exercised only with approval of the Commissioner and the ultimate authority remains vested in the Commissioner. See State v. State Road Department, 173 So.2d 693 (Fla.1965); Ball v. Branch, 154 Fla. 57, 16 So.2d 524 (1944).
The decision appealed from is hereby affirmed.
It is so ordered.
ROBERTS, Acting C. J., DREW, THORNAL, ADKINS and BOYD, JJ., and McLANE, Circuit Judge, concur.