Janet Reno State Attorney Miami
QUESTION:
Does s. 827.07(6), F. S., require the Department of Health and Rehabilitative Services to notify police agencies upon receipt of a report of abuse of a child?
SUMMARY:
Pending legislative or judicial clarification, the Department of Health and Rehabilitative Services is not under a statutory duty to directly notify appropriate police agencies of each reported instance of child abuse received by the department. The department is under a duty to conduct an immediate investigation and if the department has reason to believe that a child has been criminally abused to immediately and orally notify the state attorney. Reports of abuse concerning employees or agents of the department acting in an official capacity are to be investigated by the state attorney rather than the department. Reports of suspected criminal child abuse forwarded to the state attorney and the circuit court should not contain the name or identity of the person reporting the abuse without the written consent of such individual. The department may in its discretion directly contact the police when an urgent situation exists which requires immediate police intervention.
Section 827.07(6), F. S. (1976 Supp.), as amended by s. 3, Ch.77-429, Laws of Florida, provides:
 RESPONSIBILITIES OF PUBLIC AGENCIES. — Upon receipt of a report of abuse of a child, the department shall cause an immediate investigation to be made. If the department has reason to believe that a child has been criminally abused, it shall immediately and orally notify the State Attorney, who shall assist local law enforcement officers in the investigation of the case. The department shall secure the cooperation of law enforcement officials, courts of competent jurisdiction, and other appropriate state and local agencies providing human services. All state, county, and local agencies have a duty to give full cooperation to the department, to transmit reports of abuse to the department, to protect and enhance the welfare of abused children, and to protect and enhance the welfare of other children potentially subject to abuse detected by a report made pursuant to this section. Any report which alleges that an employee or agent of the department, acting in an official capacity, has committed an act of child abuse shall be investigated by the State Attorney in whose circuit the alleged act of child abuse occurred.
According to your letter, the state attorney's office has taken the position that the first sentence of s. 827.07(6), F. S., obligates the department to immediately notify the police of all reports of child abuse, thereby causing an immediate investigation to be made by the police.
However, the department has furnished this office with memoranda from the office of the general counsel and district legal counsel which dispute this interpretation of the statute and instead argue that the department is under a duty to report to the state attorney only those cases where, upon receipt of a complaint, the department has reason to believe that criminal abuse has occurred or, following an initial investigation, the department suspects that criminal abuse has occurred.
Initially, it should be stated that this office is not empowered to alter, ignore, or set aside the provisions of s. 827.07(6), F. S., or any other pertinent provision of the Child Abuse Act, Ch. 827, F. S., because of disagreement with the Legislature over the policies and procedures set forth in the act. See, e.g., Ball v. Branch, 16 So.2d 524 (Fla. 1944) and Griffin v. Stonewall Insurance Co., 346 So.2d 97 (3 D.C.A. Fla., 1977). This is true even though this office might believe this problem should be handled in a different fashion. Twomey v. Clausohm, 234 So.2d 338
(Fla. 1970); Williams v. Newton, 236 So.2d 98 (Fla. 1970); and Florida Real Estate Commission v. McGregor, 268 So.2d 529 (Fla. 1972). It is the responsibility of this office to ascertain and give effect to, rather than defeat, the intent of the Legislature in enacting and amending the Child Abuse Act, Ch. 827.
While your statements that the department is not a law enforcement agency and does not possess the expertise to determine whether a violation of the criminal law has occurred are generally accurate, it appears at the same time that the Legislature did not intend that the thrust of the department's duties under Ch. 827, F. S., be of a criminal nature. In the 1975 amendments to Ch. 827, Ch.75-185, Laws of Florida, the Legislature made significant changes in the purpose and requirements of the act. Prior to the 1975 amendments, the purpose of the act was said to
 . . . provide for the detection and correction of the abuse or maltreatment of children who are unable to protect themselves. . . . [Section 828.041(2), F. S. 1973 (now s. 827.07[2], F. S. 1977).]
In amending this section in 1975, by s. 1, Ch. 75-185, Laws of Florida, the Legislature added the following italicized language:
 . . . to provide for the detection and correction through the provision of rehabilitative and ameliorative services of the abuse or maltreatment of children who are unable to protect themselves. . . . [Section 827.07(2), F. S. 1977.]
Additionally, prior to 1975, s. 828.041(8), F. S. 1973, transferred to s. 827.07(8) by s. 65, Ch. 74-383, Laws of Florida, provided:
 With regard to any case of reported child abuse, the department shall transmit the report received by it to the circuit court of the county where the incident occurred, which report shall contain the results of the investigation. (Emphasis supplied.)
This section was amended by Ch. 75-185 by adding the following italicized language to presently require that:
 If, upon investigation of a report, as provided in subsection (6) of this section, it is suspected that a child has been criminally abused, the department shall immediately transmit the report received by it to the state attorney and the circuit court of the county where the incident occurred. [Section 827.07(8), F. S. (1974 Supp.), renumbered s. 827.07(9) by s. 3, Ch. 77-429, Laws of Florida.]
Thus, prior to 1975, the department was under a statutory duty pursuant to former s. 828.041(8), F. S., transferred to s. 827.07(8), F. S. (1974 Supp.), to report all cases of reported child abuse — both civil and criminal — to the circuit court along with the results of the department's investigation. In amending s. 828.041(8), transferred to s. 827.07(8), the Legislature has limited the reports furnished to the state attorney and the circuit court to those reports which upon investigation reveal suspected criminal abuse. Such an interpretation is consistent with the purpose of the act, as amended, which focuses on the department's role in providing rehabilitation and ameliorative services.
Such an interpretation is also consistent with s. 827.07(7), F. S. 1977, which provides in pertinent part that:
 In addition, the names of persons reporting abuse shall in no case be released to any person, other than employees of the department involved in the investigation of reports of abuse, without the written consent of the person reporting. (Emphasis supplied.)
Also see Ch. 77-429, Laws of Florida, which created s. 827.07(4)(c), F. S., relating to photographs of suspected child abuse and requiring reimbursement to the department for the cost of photographs and that photographs or reports on X-rays taken pursuant to this section be sent to the department.
Section 827.07(6), F. S., also requires that any report which alleges that an employee or agent of the department, acting in anofficial capacity, has committed an act of child abuse be investigated by the state attorney in whose circuit the alleged act of abuse occurred. In these limited cases, the obvious purpose of the statute is to ensure that the department, in its initial investigation, is not investigating alleged wrongdoing by one of its own employees or agents. In such cases involving an employee of the department acting in an official capacity, the Legislature has made it the responsibility of the state attorney, rather than the department, to conduct the investigation into reports of abuse.
Section 827.07(7), F. S., establishes a central abuse registry in which presumably all reports and other information concerning child abuse is maintained by the department. The department is required to maintain information as to the name of the abused child, the name of the family or other persons responsible for his or her care, and the result of the investigation. All information maintained in the registry is confidential and may be released only as provided within the act.
However, while the department is not required to directly contact law enforcement officials without first contacting the state attorney, I do not believe that the act prohibits the department from so proceeding when an urgent situation exists requiring immediate police action or the protection of the safety and welfare of children. Accord: Attorney General Opinion 076-21. However, as noted in AGO 076-21, the name of the person reporting the abuse may not be released to the state attorney or the police without the written permission of the person reporting the abuse.
In sum, pending legislative or judicial clarification, I do not believe that s. 827.07(6), F. S., places a duty on the department to directly notify the police of each reported instance of child abuse received by the department. The department is under a duty to conduct an immediate investigation, and if the department has reason to believe that a child has been criminally abused, to immediately and orally notify the state attorney. Reports of abuse concerning employees or agents of the department acting in an official capacity are to be investigated by the state attorney rather than the department. Reports of suspected criminal child abuse forwarded to the state attorney and the circuit court should not contain the name or identity of the person reporting the abuse without the written consent of such individual. The department may, however, in its discretion, directly contact the police when an urgent situation exists which requires immediate police intervention.
In AGO 076-21, this office urged the Legislature to amend the Child Abuse Act, Ch. 827, F. S., because of the very real possibility that individuals who have committed crimes involving criminal child abuse or maltreatment could avoid prosecution because of certain of the requirements and prohibitions contained in the act. Although the 1977 session of the Legislature amended Ch. 827, by Ch. 77-429, Laws of Florida, it did not amend those provisions of the act which have impeded the investigative and prosecutorial functions of criminal justice agencies. I intend to again recommend in 1978 that the Legislature revisit Ch. 827 in order to consider the problems which have been confronted by law enforcement agencies throughout the state by the requirements and prohibitions contained therein. Ultimately, it is the responsibility of the Legislature to formulate a solution to this problem. If the legislative purpose behind Ch. 827 remains one of seeking a solution to the problem of child abuse by providing social services as opposed to criminal remedies, then it is unlikely that any major changes in Ch. 827 should be anticipated.
Prepared by: Sharyn L. Smith, Assistant Attorney General