Thomas D. Wright City Attorney City of Key Colony Beach
QUESTION:
May the City of Key Colony Beach use local option gas tax funds, collected pursuant to s. 336.025, F.S., to construct a garage and maintenance building for road and right-of-way maintenance equipment?
SUMMARY:
Section 336.025(7)(b), F.S., does not authorize the expenditure of local option gas tax revenues for the construction of a garage and maintenance building for road and right-of-way maintenance equipment.
Section 336.025, F.S., authorizes county governments to impose a local option gas tax on every gallon of motor fuel and special fuel sold in the county and taxed under Parts I or II, Ch. 206, F.S. Pursuant to the statute, municipalities must use moneys received pursuant to s. 336.025, F.S., "only for transportation expenditures."[1]
A definition of "transportation expenditures" is contained in the statute. Section 336.025(7), F.S., provides that:
 For the purposes of this section, the term "transportation expenditures" means expenditures by the local government from local or state shared revenue sources, excluding expenditures of bond proceeds, for the following programs: (a) Public transportation operations and maintenance. (b) Roadway and right-of-way maintenance and equipment. (c) Roadway and right-of-way drainage. (d) Streetlighting. (e) Traffic signs, traffic engineering, signalization, and pavement markings. (f) Bridge maintenance and operation. (g) Debt service and current expenditures for transportation capital projects in the foregoing program areas, including construction or reconstruction of roads.
From your letter it appears that the City of Key Colony Beach would like to use these funds to construct a garage and maintenance building for road and right-of-way maintenance equipment by utilizing the authority of subsection (7)(b) above.
It is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of another. Thus, when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[2]
With regard to taxes, it is the rule that taxes levied and collected for a particular purpose cannot be utilized for, or diverted to, any other purpose.[3]
Further, the power of a political subdivision to levy taxes must be expressly and distinctly granted, and must be exercised in strict conformity with the terms of the grant. A grant by the Legislature of the power of taxation will be strictly construed, since the reasonable presumption is that the state has granted in clear and unmistakable terms all that it intended to grant.[4]
The statute does not elaborate on what may be included within the scope of "roadway and right-of-way maintenance and equipment." However, commonly used words when used in a statute should be construed in their plain and ordinary sense.[5]
"Equipment" is commonly understood to be "the implements (as machinery or tools) used in an operation or activity: apparatus[.]"[6] "Maintenance" is defined as "the labor of keeping something (as buildings or equipment) in a state of repair or efficiency: care, upkeep";[7] and "the work of keeping something in proper condition[.]"[8]
Thus, s. 336.025(7)(b), F.S., authorizes municipalities to use the local option gas tax moneys for the upkeep and care of roadways and rights-of-way and for the apparatus or machinery for maintaining these roadways and rights-of-way. While it is clear that s. 336.025(7)(b), F.S., would authorize a city to expend these funds for the equipment used to maintain roadways and rights-of-way, I cannot say that the statute contemplates the use of these tax funds for such incidental purposes as constructing garage and maintenance buildings to house such equipment.
In light of the rule that tax statutes must be strictly construed, and the limited nature of the expenditures authorized by s.336.025(7)(b), F.S., it is my opinion that the City of Key Colony Beach is not authorized to use local option gas tax moneys collected pursuant to s. 336.025, F.S., to construct a garage and maintenance building to house road and right-of-way maintenance equipment.
[1] section 336.025(1)(c), F.S. And see, s. 336.025(3), F.S., which sets forth two procedures for imposing the tax.
[2] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944).
[3] See, Supreme Forest Woodmen Circle v. Hobe Sound Co.,189 So. 249 (Fla. 1939). See generally, 85 C.J.S. Taxation s. 1057b. (1954).
[4] See generally, 84 C.J.S. Taxation s. 8 (1954). Cf., Joe Hatton, Inc. v. Conner, 240 So.2d 145 (Fla. 1970) (legislative power to tax may be exercised through subordinate governmental agencies within definite limitations fixed by law.)
[5] State v. Egan, 287 So.2d 1, 4 (Fla. 1973); Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958).
[6] Webster's Third New International Dictionary 768 (1981).
[7] Webster's Third New International Dictionary 1362 (1981).
[8] The American Heritage Dictionary 787 (New College ed. 1979).